# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **JOHN TAYLOR**, | ) | |
| | ) | Case No. 1:09CV00002 (LEAD) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DOLGENCORP, INC.**, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*C. Lance Gould, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, Alabama, for Plaintiffs, and Joel S. Allen, Morgan, Lewis & Bockius LLP, Dallas, Texas, for Defendant.*

In this Opinion, I set forth the basis for approval of the parties' settlements of overtime claims under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. §§ 201-219 (West 1998 & Supp. 2010).

The parties have filed a Joint Motion for Order Approving Individual Settlements in 16 related FLSA cases. In accord with the directions of the court, the parties have submitted for each case a copy of the individual Settlement Agreement, which states the amount of money to be paid in settlement as to that plaintiff. These individual settlement amounts vary.

In addition, there has been disclosed the maximum amounts of each plaintiff's monetary claim—from the point of view of each side—which amounts

also vary among the plaintiffs. For each individual plaintiff, the plaintiffs' attorneys have submitted their requested attorneys' fees and expenses and the basis therefor.[1]

The plaintiffs are current or former employees of the defendant, Dolgencorp, Inc., the operator of Dollar General retail discount stores.[2] They are some of the many individual employees across the country[3] who have sued Dollar General seeking overtime pay on the ground that they did not fall within the executive exemption of the FLSA. Under that exemption, overtime pay is not required for "any employee employed in a bona fide executive . . . capacity." 29 U.S.C.A. § 213(a)(1).

While there are differing regulations of the Department of Labor interpreting this exemption, depending upon whether the subject employment occurred before

---

[1] The individual plaintiffs and case numbers are John Taylor, 1:09CV00002; Eve Prater, 1:09CV00003; Penny Ahlberg, 1:09CV00004; John Shannon, 1:09CV00005; Bobbie Holden, 1:09CV00006; Cynthia Murphy, 1:09CV00007; Stella Shepherd, 1:09CV00009; Ernest Tate, 1:09CV00010; Bobby Tipton, 1:09CV00011; Collin Childers, 1:09CV00012; Catherine Perkins, 1:09CV00013; Teresa Hale, 1:09CV00014; Brenda Roe, 1:09CV00015; Teresa Whomble, 1:09CV00016; Robin Pruitt, 1:09CV00017; and Michael Jones, 1:09CV00018. All of the plaintiffs are represented by the same counsel.

[2] For convenience, the defendant will be referred to as "Dollar General."

[3] The individual cases were originally filed in 2006 in the United States District Court for the Northern District of Alabama and thereafter transferred to various districts around the country. It is represented that there are approximately 800 such cases pending.

or after 2004, *compare* 29 C.F.R. § 541.119(a) (pre-2004) *with* 29 C.F.R. § 541.100(a) (2004), it appears that in each of the present cases the central factual issue is whether the primary duty of the employee was management. The plaintiffs claim that their primary duty was not management and were thus denied overtime pay for hours worked in excess of 40 hours in any workweek. Dollar General contends to the contrary.

While the parties have agreed to settle, any such settlement under the FLSA must be approved by the court, "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The settlement ought to be approved if it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Id.* at 1354.

I have carefully considered the information supplied to me by the parties. Based on that information, I will approve the settlement in each individual case.

While the settlement amounts to be paid to each plaintiff are significantly less than the amount of back wages and liquidated damages claimed, there is a significant dispute as to the application of the executive exemption in each case. In the only case in which I have had an opportunity to rule on summary judgment, I found that the plaintiff's factual claims, if believed by a jury, might reasonably

result in a verdict for the plaintiff. *Hale v. Dolgencorp, Inc.,* No. 1:09CV00014, at *7 (W.D. Va. June 23, 2010). Since then, however, a decision by the United States Court of Appeals for the Fourth Circuit on similar facts has substantially undercut my decision. *In re Family Dollar FLSA Litigation*, No. 09-2029, 2011 WL 989558, at *8 (4th Cir. Mar. 22, 2011), *reh'g denied* (Apr. 20, 2011) (holding that even though discount store manager spent most of her time on nonmanagerial tasks, because she remained responsible for addressing managerial issues that might arise even while performing nonmanagerial tasks, she was not misclassified under the executive exemption).

In addition to the uncertainty of any ultimate victory by the plaintiffs on the merits, the amounts of damages are in dispute. Dollar General contends that even if the plaintiffs were successful, the calculation of backpay would be limited by the so-called "fluctuating workweek" method, used when there is no employment agreement as to the specific number of hours to be worked each week, and the number of hours worked per week fluctuates. By this method, the base hourly rate is to be determined by dividing the fixed weekly salary by the number of hours worked in any given week.

By contrast, the plaintiffs claim backpay based on an assumed hourly rate determined by dividing the weekly salary by 45 hours, even when the actual number of hours worked for any given week exceeded 45.

These conflicting methods of calculation of backpay make a significant difference as to the amount of any recovery. A recent Fourth Circuit decision favors Dollar General's proposed method. *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 357 (4th Cir. 2011).

Dollar General also disputes the ability of the plaintiffs to extend the period of possible recovery from two to three years by proof of a willful violation. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (holding that willful violation of FLSA requires showing that employer either knew or showed reckless disregard of whether its conduct was prohibited). Dollar General also contends that it could prove that it acted in good faith and had reasonable grounds for believing that its classification of the plaintiffs as exempt was not in violation of the FLSA, thus obviating any award of liquidated damages. *See* 29 U.S.C.A. § 260.

While the settlement amounts are less than could possibly be obtained by the plaintiffs, under all of the circumstances I find that they are fair and reasonable compromises of disputed claims. *See Alleyne v. Time Moving & Storage Inc.*, 264

F.R.D. 41, 57-58 (E.D.N.Y. 2010) (approving FLSA overtime claims where settlements were only 13% of best possible recovery).

The law requires the employer to pay a reasonable attorneys' fee to any successful FLSA claimant. 29 U.S.C.A. § 216(a). In order to finally approve the settlements here, I thus must also consider the reasonableness of the attorneys' fees and expenses, which, pursuant to the Settlement Agreements, are to be paid from the individual settlement amounts. Based on my review, I find the amounts reasonable in light of the settlement amounts and the time records submitted.[4]

While the parties have agreed to the confidentiality of their settlements, as I have previously ruled, I will not indefinitely seal the Settlement Agreements and supporting material, although I will permit these documents to be sealed for two years, in order to facilitate the individual negotiations of other pending cases. *See Murphy v. Dolgencorp, Inc.*, Nos. 1:09CV00007, 1:09CV00014, 2010 WL 4261310, at *1 (W.D. Va. Oct. 28, 2010).

For all of these reasons, I will enter separate orders approving the settlements and dismiss the cases with prejudice.

---

[4] While the material before me does not affirmatively show that the amount of the proposed attorneys' fees and expenses to be deducted from each settlement amount have been disclosed to the individual plaintiff, I assume that this is the case.

DATED: April 28, 2011

/s/ JAMES P. JONES
United States District Judge